**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

| | | |
|---|---|---|
| **JEFFREY DUPRIEST AND** | ) | |
| **RACHEL GILMORE** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Case No: 4:19CV00230 SWW** |
| **v.** | ) | |
| | ) | |
| **ALLSTATE INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT ALLSTATE INSURANCE
COMPANY'S MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT**

Defendant, ALLSTATE INSURANCE COMPANY. ("Allstate" or "Defendant"), through

its undersigned counsel, respectfully submits the following Memorandum in Support of its Motion

to Dismiss Plaintiffs' Class Action Complaint pursuant to Rule 12(b)(6) and Rule 9(b) of the

Federal Rules of Civil Procedure.

## INTRODUCTION

This putative class action arises out of two motor vehicle accidents that rendered Plaintiffs'

motor vehicles total losses.  Plaintiffs allege that Allstate failed to pay the actual cash value of their

totaled vehicles based on its use of valuation reports obtained from CCC One Information Services,

Inc. which Allstate allegedly knew undervalued claims.  Based upon this allegation, Plaintiffs

assert that Allstate's practice of settling total vehicle claims violates Plaintiffs' motor vehicle

insurance policies and Arkansas law.  Plaintiffs assert four separate causes of action against

Allstate for alleged violation of the Arkansas Deceptive Trade Practices Act ("ADTPA"), fraud in

the inducement, bad faith and breach of contract. [D.E. 2].  Plaintiffs assert such claims on behalf

of themselves and all other Arkansas insureds whose total loss settlement was based on a CCC

One Report.  However, for the reasons set forth below, the only claim plead in the Complaint that can possibly withstand Allstate's Motion to Dismiss is for breach of contract filed solely by Plaintiff Gilmore.

Under well-settled law, Allstate is entitled to dismissal of Plaintiffs' claims for alleged violation of the ADTPA, fraud in the inducement and bad faith because Plaintiffs fail to plead the requisite elements of each of these claims with the heightened specificity and particularity required under Rule 9(b).  Plaintiffs generally allege – without any specific facts – that Allstate's use of CCC violates Arkansas law and results in undervaluation of total loss vehicles.  These conclusory allegations fall woefully short of meeting the heightened pleading standard necessary to maintain such claims.

In addition, Plaintiffs' ADTPA claims must be dismissed because they sound in contract, and therefore, are outside the scope of the ADTPA.  Moreover, the 2017 Amendment to the ADTPA bars Plaintiffs' attempt to maintain any claims on behalf of the putative class.

Finally, each of Plaintiff DuPriest's claims fail as a matter of law and must be dismissed. Plaintiff DuPriest was not insured by Allstate and therefore has no standing to assert any claims against it.

## RELEVANT FACTUAL ALLEGATIONS

### A.    Procedural History

On March 4, 2019, Plaintiffs filed suit against Allstate in the Circuit Court of the Sixth Judicial Circuit, in and or Pulaski County, Arkansas, case no. 60CV-19-1235 ("Complaint").  On April 4, 2019, Allstate timely removed this action to the United States District Court for the Eastern District of Arkansas, Western Division, pursuant to 28 U.S.C. § § 1332(a) and 1453 of the Class Action Fairness Act ("CAFA"). [D.E. 1].

2

### B.    Plaintiffs' Complaint

Plaintiffs filed their Complaint on behalf of themselves and a putative class of allegedly similarly situated Allstate insureds whose total loss vehicles were settled based on a CCC Report.

Plaintiff Gilmore alleges that she was involved in a motor vehicle accident on November 16, 2016 and that Allstate declared her vehicle a total loss. [D.E. 2 at ¶¶ 9, 11 & 12].   Plaintiff DuPriest similarly alleges that he was involved in a motor vehicle accident on October 6, 2016 and Allstate allegedly declared his vehicle a total loss. [D.E. 2 at ¶¶ 8, 11 & 12]. While DuPriest alleges he was insured under a motor vehicle insurance policy issued by Allstate, a review of Allstate's records reveals otherwise.  At the time of his accident, DuPriest was insured by Allstate Property and Casualty Insurance Company ("AP&C").[1]

Plaintiffs contend that Allstate allegedly undervalued their total loss claims in violation of their policies and Arkansas law. [D.E. 2 at ¶¶ 11-21].   More specifically, Plaintiffs allege that Allstate utilizes a total loss valuation database and attendant software platform developed and marketed by CCC One Information Services, Inc. ("CCC"), which generates a CCC One Report. [D.E. 2 at ¶ 11].  According to Plaintiffs, Allstate's use of CCC is improper because CCC is not a qualified dealer or appraisal service located in Pulaski County, Arkansas, as allegedly required by Ark. Ins. R. 43, § 10(a)(2)-(3). [D.E. 2 at ¶ 18]. Plaintiffs also allege that Allstate's use of CCC One Reports is an improper method for determining the actual cash value of total loss vehicles

---

[1] Attached as Exhibit 1 is a copy of Plaintiff DuPriest's insurance policy with Allstate Property and Casualty Insurance Company.  In deciding a Rule 12 motion to dismiss, "documents necessarily embraced by the complaint are not matters outside the pleading." Gorog v. Best Buy Co., Inc., 760 F.3d 787, 791 (8th Cir. 2014).  In a case involving a contract, the court may examine the contract documents in deciding a motion to dismiss. *Stahl v. U.S. Dept. of Agric.,* 327 F.3d 697, 700 (8th Cir. 2003).

because CCC "systematically undervalues vehicles by making a series of arbitrary and unexplained adjustments to the vehicles contained in the report. These adjustments serve to immediately lower the cash price paid to covered parties." [D.E. 2 at ¶ 15].

Plaintiffs assert that "Allstate presented the CCC One Report to Plaintiffs as representing the 'actual cash value' of their vehicles, and, based on the CCC One Report, Allstate paid to settle the total loss claims." [D.E. 2 at ¶ 12]. Plaintiffs contend that both vehicles "were worth more than shown on the CCC One Report" and that the vehicles used for comparison in the CCC One Report were not 'in the local market'". [D.E. 2 at ¶ 13]. Per Plaintiffs' allegations, "Allstate paid 'base values' of $3,657 to DuPriest. and $5,238 to Gilmore". [D.E. 2 at ¶ ¶ 13-14]. Plaintiffs allege that a vehicle of similar make, model, mileage and condition to DuPriest's vehicle within the local market was listed for $4,499. [D.E. 2 at ¶ 13]. Similarly, Plaintiffs allege that a vehicle of similar, model, and mileage to Gilmore's within the local market was listed for $5,495. [Id. at ¶ 14].

Based on these allegations, Plaintiffs assert four causes of action on behalf of themselves and a putative class of other allegedly similarly situated insureds: 1) violation of the Arkansas Deceptive Trade Practices Act, 2) Fraud in the Inducement, 3) Bad Faith, and 4) Breach of Contract. [D.E. 2 at ¶ ¶ 32-56]. Plaintiffs seek a declaration that Allstate's use of the CCC One Report to adjust first party insurance claims violates the policies and Arkansas law. [D.E. 2 at ¶ 59(d)]. Plaintiffs also seek monetary damages "in an amount equal to the difference between the amount paid to settle total loss claims and the actual cash value of their vehicle computed as required by Arkansas law" as well as punitive damages, and attorneys' fees. [D.E. 2 at ¶ 59].

## STANDARD OF REVIEW

Plaintiffs' Complaint must be dismissed for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. A complaint must set

forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).   The Rule 8(a)(2) pleading standard, however "demands more than an unadorned, the –defendant-unlawfully-harmed-me-accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)(citing *Bell Atl. Corp. v Twombly,* 550 U.S. 544, 555 (2007)).   A pleading that offers "labels and conclusions" and/or a "formulaic recitation of the elements of a cause of action" does not suffice. *Twombly*, 550 U.S. at 555. Indeed, such conclusory allegations under the guise of "facts" may be disregarded entirely when a court assesses the sufficiency of a complaint. *See Vang v. PNC Mortg., Inc.,* 517 Fed. Appx. 523, 525-26 (8th Cir. 2013).

To survive a motion to dismiss pursuant to Rule 12(b)(6), "'a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face' and include 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Elmore v. Harbor Freight Tools USA, Inc*., 844 F.3d 764, 766 (8th Cir. 2016) (*quoting Iqbal*, 556 U.S. at 678). The requirement of plausibility "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 556).

Additionally, because Plaintiffs first three causes of action are all subject to the heightened pleading standard of Rule 9(b), they must be plead with particularity.  Specifically, to withstand a motion to dismiss, the complaint must allege "such matters as the time, place, and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *Drobnak v. Anderson Corp.,* 561 F.3d 778, 783 (8th Cir. 2009). A complaint that fails to state the "who, what, where, when, and how of the alleged fraud" does not satisfy Rule 9(b)'s heightened pleading standard and must be dismissed. *Id.*

5

## ARGUMENT

**I.      Plaintiffs Fail to Plead the Requisite Elements of Their Claims For Violation of the Arkansas Deceptive Trade Practices Act, Fraud in the Inducement and Bad Faith With the Heightened Specificity and Particularity Required Under 9(b).**

### A.      *Plaintiffs' ADTPA Claim Must Be Dismissed*

Plaintiffs' claim for violation of the ADTPA fails for lack of particularity and sustaining the claims as pled is contrary to Eighth Circuit law.  As a threshold matter, the ADTPA "exists to protect consumers of goods and services" in Arkansas and makes unlawful a list of nine specific trade practices. *See Illumination Station, Inc. v. Cook*, 2007 WL 4166215, at *2 (W.D. Ark. 2007); *see also* Ark. Code Ann. §  4-88-107(a)(1)-(9).   In addition to these specific trade practices, the ADTPA includes a "catch-all provision prohibiting '[e]ngaging in any other unconscionable, false, or deceptive act or practice in business, commerce, or trade'." *Universal Coop., Inc. v. AAC Flying Serv., Inc.,* 710 F.3d 790, 795 (8th Cir. 2013); Ark. Code Ann. §  4-88-107(a)(10).

In Count I of the Complaint, Plaintiffs allege that Allstate violated the ADTPA by engaging "in an unconscionable, false, or deceptive act or practice in business, commerce, or trade" when using the CCC One Reports to settle Plaintiffs' and the putative class' total loss vehicle claims. [2] [D.E. 2 at ¶ 35].   Plaintiffs do not, however, specify which of the trade practices enumerated in the ADTPA they claim Allstate allegedly violated.  Instead, Plaintiffs attempt to invoke the catch-all provision by summarily stating that Allstate's practice in settling total loss claims is an unconscionable, false, or deceptive act or practice.  Plaintiffs' pleading is therefore deficient.

In considering the language of the catch-all provision, the Eighth Circuit has held that merely pleading the catch-all provision – without some connection to the specific prohibitions

---

[2] Count I is entitled "Arkansas Deceptive Trade Practices Act" and appears to attempt to allege a violation of the ADTPA by reference to the name of the act and using the quoted language in its allegations that is consistent with Ark. Code Ann. § 4-88-107(a)(10).  Beyond this Plaintiffs' fail to properly cite or reference the actual statute anywhere in their Complaint, much less the specific section of the ADTPA which Allstate is alleged to have violated.

LEGAL\40967349\2
FEC\13544\0013\7015682.v1-5/3/19

enumerated in the Act – fails to state a viable claim under the ADTPA. *Universal Coop., Inc.,* 710 F.3d at 795. The Eighth Circuit explained that there is no basis to "convert the relatively nuanced phrase chosen by the [Arkansas] legislature for the catch-all provision -- "unconscionable, false, or deceptive" – into a general reference to any unlawful conduct" that could give rise to an ADTPA claim. *Id.*; *see also Rose v. Ark. State Plant Bd.,* 363 Ark. 281 (Ark. 2005)(stating that a statute must be construed based on "the ordinary meaning of the language used ... so that no word is left void, superfluous or insignificant, and ... [to] give meaning and effect to every word in the statute"). Moreover, the Eighth Circuit stated to hold otherwise would violate the Arkansas Supreme Court's pronouncement of statutory construction:  that "[w]hen general words follow specific words in a statutory enumeration the general words are construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words." *Id.* at 795 (citing *Hanley v. Ark. State Claims Comm'n*, 333 Ark. 159 (1998).  Notably, Section 4–88–107(a)(1)-(9) of the Act includes specific prohibitions which each involve false representation, fraud, or the improper use of economic leverage in a trade transaction.  Therefore, in accordance with this principle, the Eighth Circuit held the catch-all provision only reaches similar instances of false representation, fraud, or the improper use of economic leverage in a trade transaction,[3]"*Universal Coop., Inc.,* 710 F.3d at 796, which indisputably is not at issue here.

To state a claim under the catch-all provision of the ADTPA, Plaintiffs must plead facts demonstrating: "(1) a deceptive consumer oriented act or practice, which is misleading in a material respect, and (2) injury resulting from such act." *Skalla v. Canepari*, 2013 Ark. 415, 14 (2013); see also Ark. Code Ann. § 4-88-113(f).  Because the catch-all provision has been

---

[3] The term "unconscionable" in subsection (10) has been interpreted by the Arkansas Supreme Court to correspond to acts in the nature of an improper use of economic leverage in a trade transaction. *See Baptist Health v. Murphy*, 365 Ark. 115 (Ark. 2006).

interpreted to prohibit instances of false representation, fraud or improper use of economic leverage, ADTPA claims are subject to heightened pleading requirements and must be pled with the particularity required under Fed. R. Civ. P. 9(b) to survive a motion to dismiss. *Dickinson v. SunTrust Mortgage, Inc.,* 2015 WL 1868827, *1 (E.D. Ark. 2015) ("Additionally, to survive a motion to dismiss, ADTPA claims must be pled with the particularity required under Federal Rule of Civil Procedure 9(b)."). As the Eighth Circuit has explained: "We interpret this rule in harmony with the principles of notice pleading, and to satisfy it, the complaint must allege such matters as the time, place, and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *Star City Sch. Dist. v. ACI Bldg. Sys., LLC*, 844 F.3d 1011, 1016 (8th Cir. 2017). "Put another way, the complaint must identify the 'who, what, where, when, and how' of the alleged fraud." *United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2006). *See, e.g., Jarrett v. Panasonic Corp. of N. Am.*, 8 F. Supp. 3d 1074, 1085 (E.D. Ark. 2013) (dismissing a ADTPA claim because the Complaint failed to "plead facts demonstrating each Defendant's respective knowledge and purposeful concealment of any alleged defects, who knew about them and when they occurred, where the omissions should have appeared, or how the allegedly omitted facts made any representations misleading.").

The allegations set forth in Plaintiffs' Complaint fall woefully short of this pleading requirement. The Complaint generally alleges that Allstate's use of the CCC One Report to value total loss claims violated its contracts with its insureds and Arkansas law because it did not comport with the requirements of Arkansas law. Beyond alleging that Allstate's practice may have deviated from the requirements of Arkansas law, Plaintiffs fail to allege any specific instances of fraudulent conduct. Rather, Plaintiffs set forth only conclusory allegations that the CCC One Report

systematically undervalued actual cash values; that Allstate falsely represented that the valuations generated by CCC represented actual cash values of Plaintiffs and putative class members total loss vehicles; and that Allstate used the reports to coerce Plaintiffs and putative class members into settling their total loss claims for less than they should have.  Plaintiffs' Complaint is wholly devoid of any real facts to support these bare conclusory allegations.  For example, Plaintiffs do not identify the source Allstate should have used to value their total loss vehicles, nor do they even allege the amount Allstate should have allegedly paid them.  Moreover, the Complaint fails to allege the "who, what, when, where and how" of any false representation or fraudulent transaction as required. Given the heightened pleading standards required for ADTPA claims, Plaintiffs' claims should be dismissed.

Additionally, Plaintiffs fail to plead that they relied on any purported false representations or fraudulent conduct by Allstate in settling their total loss vehicle claims.  The statute in effect at the time of the alleged wrongful conduct by Allstate provided a private right of action for "[a]ny person who suffers actual damage or injury as a result of an offense or violation."  Ark. Code. Ann.§  4-88-113(f)(2011).[4]  The Eighth Circuit recently noted that "Arkansas courts have not addressed whether reliance is required under this statute." *Apex Oil Company, Inc. v. Jones Stephens Corp.,* 881 F.3d 658, 662 (8th Cir. 2018) (*citing Philip Morris Cos. v. Miner*, 2015 Ark. 73 (2015)).  However, the Eighth Circuit opined that the "better view is that reliance is an element of the claim," explaining as follows: "[A] plaintiff must prove that it suffered damage 'as a result

---

[4] The ADTPA was amended in 2017 to provide a private cause of action for  "[a] person who suffers an actual financial loss as a result of *his or her reliance* on the use of a practice declared unlawful" by the ADTPA.  Ark. Code Ann. §  4-88-113(f)(1)(A)(2017)(emphasis added).  The Eighth Circuit has stated that despite the fact that this language was not expressly included in the earlier statute, "the more natural reading of the former text required proof of reliance. The amendment is better viewed as a clarification." *Apex Oil Company, Inc.,* 881 F.3d at 663.

of" a violation of the Act; in other words, the defendant's deceptive trade practice must have caused the damage. Causation, in turn, is not possible without reliance." *Id.* at 662.

Here, Plaintiffs fail to plead any allegation that they reasonably relied on a specific false representation or fraudulent act by Allstate. Accordingly, Plaintiffs' claim as plead fails and must be dismissed.

### B.  *Plaintiffs' Fraud Claim Must Be Dismissed*

Similar to their ADTPA claim, Plaintiffs' fraud claim also falls short of the heightened pleading standards of Rule 9(b).  Plaintiffs have not plead their fraud claim with the required particularity.  In Arkansas, fraud consists of (1) a false representation of material fact; (2) knowledge that the representation is false or that there is insufficient information upon which to make the representation; (3) intent to induce action or inaction in reliance upon the representation; (4) justifiable reliance on the representation; and (5) resulting damage. *Brennan v. Wadlow*, 372 Ark. 50, 54 (Ark. 2008).

As discussed above, Rule 9(b) of the Federal Rules of Civil Procedure requires the circumstances of the alleged fraud to be pled with particularity. A complaint must allege "such matters as the time, place, and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *Drobnak v. Anderson Corp.,* 561 F.3d 778, 783 (8th Cir. 2009). A complaint that fails to state the "who, what, where, when, and how of the alleged fraud" does not satisfy Rule 9(b)'s heightened pleading standard. *Id.*

Plaintiffs' fraud claim, like their ADTPA claim, fails to meet these heightened pleading standards.  Plaintiffs set forth only conclusory allegations that the CCC One Report systematically undervalued actual cash values; that Allstate falsely represented the amounts in the CCC One Reports represented actual cash values of Plaintiffs and putative class members total loss vehicles;

and that Allstate used the reports to coerce Plaintiffs and putative class members into settling their total loss claims for less than they should have. These allegations are nothing more than a dressed up breach of contract claim that Allstate undervalued plaintiffs' total loss vehicles claims.  The Complaint fails to allege the "who, what, when, where and how" of any false representation or fraudulent transaction as required. Nowhere in the Complaint do Plaintiffs' allege the amount Allstate purportedly should have paid them for their total loss vehicles nor do they allege they relied on Allstate's alleged misrepresentations or that they were somehow misled by Allstate's alleged misrepresentations.  Given the heightened pleading standards required for fraud claims, the Plaintiffs' claim should be dismissed.

### C.    Plaintiffs' Bad Faith Claim Must Be Dismissed

Indeed, for these same reasons, Plaintiffs' bad faith claim should be dismissed.  In Count III of the Complaint, Plaintiffs allege as follows:

> 47. Allstate acted in bad faith to avoid liability under its policy issued to Plaintiffs.  Allstate knew that its method of settling total loss claims violated Arkansas law and would result in a lower payment to Plaintiffs than if Allstate would have obtained a quotation from a qualified local dealer or appraiser.  Despite this knowledge, *Allstate fraudulently presented the CCC One Report to Plaintiffs as representing the "actual cash value" of their vehicles*.

[D.E. 2 at ¶ 47].  Plaintiffs' bad faith count centers around what they claim was fraudulent conduct by Allstate.  While Count III is styled as a claim of bad faith, as set forth above, the claim is premised on alleged fraud and therefore sounds in fraud.

Courts have extended the heightened pleading requirement of Rule 9(b) to not only claims of fraud, but also claims sounding in fraud.  Indeed, the Eighth Circuit has explained that "any allegations *in the nature of* fraud or misrepresentation would have to have been pled with particularity." *Universal Coop., Inc.*, 710 F.3d at 796 n.5 (emphasis added); *see also Craig v. Twinings N. Am., Inc.*, 2015 WL 505867, at *2 (W.D. Ark. Feb. 5, 2015) ("Claims *sounding in*

*fraud* or mistake must additionally comply with the heightened pleading requirements of Fed.R.Civ.P. 9(b) by pleading with particularity the circumstances surrounding the fraud or mistake.") (emphasis added).   As one court explained, "[b]y its terms, Rule 9(b) applies to all averments of fraud. This wording is cast in terms of the conduct alleged, and is not limited to allegations styled or denominated as fraud or expressed in terms of the constituent elements of a fraud cause of action." *Levy v. Young Adult Inst., Inc.*, 103 F. Supp. 3d 426, 442 (S.D.N.Y. 2015). Thus, as a general rule, "a non-fraud claim will sound in fraud if the claim arose out of events that the pleading describes in terms of fraud or the pleading includes a claim based on fraud, and the non-fraud claim incorporates the fraud allegations." *Id.*

That is exactly the case here.   While plead as a separate count, plaintiffs' bad faith claim arises out of and is based on the same alleged fraudulent conduct allegedly committed by Allstate in settling plaintiffs' total loss claims.   It therefore indisputably sounds in fraud.   And like Plaintiffs' other claims, their bad faith claim fails to meet the heightened pleading standard of Rule 9(b).   Accordingly, Count III must be dismissed.

## II.   Plaintiffs' ADTPA Sounds in Contract and Is Outside the Scope of the Act

Beyond the pleading deficiencies of Plaintiffs' ADTPA claim set forth above, Plaintiffs' ADTPA claim should also be dismissed because a claim that sounds in contract cannot ordinarily give rise to a claim under the ADTPA.   It is well settled that under Arkansas law a claim sounding in contract is outside of the scope of the ADTPA. *See CEI Eng'g Assocs. v. Elder Constr. Co*, 2009 Ark. App. 259, at 10 (Ark. 2009)(stating "[w]hen the performance of a duty under a contract is contemplated, the nonperformance of that duty is most typically known as a breach," not an ADTPA violation.).   In *CEI*, for example, the plaintiff asserted an ADTPA claim based on defendant's allegedly false claims regarding its ability to perform under a construction contract.

The court concluded, however, that notwithstanding the plaintiff's use of terms like "deceptive" and "unconscionable" to describe defendant's conduct, plaintiff's claims "represent[ed] nothing more than [plaintiff's] dissatisfaction with how CEI set out to fulfill its obligations under the agreement and with the untimeliness of CEI's performance." *Id*. at 10. And that accordingly, plaintiff's claim sounded in contract and did not rise to the level of violating the ADTPA.

The same can be said here.   Although Plaintiffs allege Allstate engaged in an "unconscionable, false or deceptive act," the crux of their claim relates to how Allstate determined actual cash value to settle Plaintiffs' total loss claims in order to fulfill its obligations under the insurance contracts.  As the courts have made clear, such "ordinary breach of contract claims do not rise to the level of violating the ADTPA." *Id.* at 11; *see also B&B Hardware, Inc. v. Fastenal Co.*, 688 F.3d 917, 922 (8th Cir. 2012)(finding that even claims incidental to breach of contract do not qualify as an ADTPA violation).  Accordingly, Plaintiffs' ADTPA claim must be dismissed.

### III.    Plaintiffs Cannot Pursue a Claim Under the ADTPA on Behalf of a Putative Class.

Plaintiffs' class claims under the ADTPA fail as a matter of law.  Effective August 1, 2017, the Arkansas legislature amended the ADTPA. The current statute prohibits an individual from bringing a class-action claim under the ADTPA "unless the claim is being asserted for a violation of the Arkansas Constitution." Ark. Code Ann. §  4-88-113(f)(1)(B).  It is beyond dispute Plaintiffs are not asserting a constitutional violation and are therefore bound by the Amendment's prohibition.  Plaintiffs indisputably filed this action after the Amendment went into effect.

Plaintiffs will likely rely on the Western District's decision in *Mounce v. CHSPSC, LLC*, 2017 WL 4392048, at *7 (W.D. Ark. Sept. 29, 2017) to argue that dismissal of their class claims is not required.  Such reliance is misplaced.  As an initial matter, *Mounce* is not binding on this Court.  More importantly, *Mounce* is wrong.  The *Mounce* court incorrectly interpreted the United

State Supreme Court's decision in *Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010) and failed to recognize an important distinction between the New York law the Supreme Court scrutinized in *Shady Grove* and the ADTPA in question here.

In *Shady Grove*, the Supreme Court considered whether a New York law that prohibits class actions in suits seeking penalties or statutory minimum damages precluded a federal district court from exercising diversity jurisdiction over a class action under Fed. R. Civ. P. 23. A majority of the Court concluded that the plaintiff's suit could proceed as a class action. Writing for the plurality, Justice Scalia noted that the (1) the New York law purported to govern procedure; (2) federal procedural rules apply in federal courts; and (3) where state laws conflict with Rule 23, Rule 23 governs, as it "provides a one-size-fits-all formula for deciding the class-action question." *Id.* Nevertheless, the proposition that Rule 23 may be applied "in all jurisdictions, with respect to all claims, regardless of its incidental effect upon state created rights," *id.* at 1444 (Scalia, J., plurality), failed to command a majority of the Court and therefore is not the law. Justice Stevens, concurring in part and concurring in the judgment, cast the deciding vote on which the Court's majority depended. He found that the New York law at issue embodied a procedural rule that is not part of New York's substantive law and was therefore supplanted by Rule 23. *Id.* at 1448 (Stevens, J., concurring). Under his opinion, "[w]hen a federal rule appears to abridge, enlarge, or modify a substantive right, federal courts must consider whether the rule can reasonably be interpreted to avoid that impermissible result." *Id.* at 1452. "[W]hen such a 'saving' construction is not possible . . . , federal courts cannot apply the rule." *Id.* (citations omitted). Thus, where a state law is substantive, as the ADTPA clearly is, its prohibition against class actions remains in force after *Shady Grove*.[5]

---

[5] Under the "narrowest grounds test," the Supreme Court has held that "[w]hen a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, 'the holding of the Court may be

LEGAL\40967349\2
FEC\13544\0013\7015682.v1-5/3/19

Under the narrowest holding of *Shady Grove*, which this Court is bound to follow, Plaintiffs cannot maintain a class action under Rule 23 because its application would "abridge, enlarge, or modify" the substantive rights and remedies created by the ADTPA, thereby violating the Rules Enabling Act.  Unlike the New York law at issue in *Shady Grove* which governed the prerequisites for class actions generally, the ADTPA exists to protect the rights of and creates a remedy for consumers of goods and services who have been subjected to unfair and deceptive trade practices and acts.  The Arkansas legislature decided, however, that consumers can only sue under the ADTPA for their own actual financial loss and are prohibited from doing so on behalf of a putative class.  Reason being, the Attorney General retains the right to bring a lawsuit on behalf of all Arkansans under the ADTPA  Thus, the Act's prohibition against private plaintiff class actions is part and parcel of the substantive rights that the ADTPA was designed to protect and therefore cannot be understood as merely procedural.  Accordingly, Plaintiffs' class claims must be dismissed.

## IV.    Plaintiff Jeffrey DuPriest Lacks Standing to Assert Any Claims Against Allstate

Plaintiff DuPriest lacks standing to assert any claims made in the Complaint.  The requirements of Article III standing are well settled: a plaintiff must show "(1) an injury in fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision." *Susan B. Anthony List v. Driehaus*, 134 S.Ct. 2334, 2341, (2014). Here, DuPriest lacks standing because there is no sufficient causal connection between the injury he complains of and the unlawful conduct he alleges against Allstate.

---

viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds . . . .'" *Marks v. United States*, 430 U.S. 188, 193 (1977) Justice Stevens's concurring opinion is "more narrow than the plurality's and therefore constitutes the holding of the Court." *Lurie v. Wittner*, 228 F.3d 113, 130 (2d Cir. 2000).

15

DuPriest claims that at all relevant times to the Complaint, he had a motor vehicle insurance policy with Allstate and that Allstate adjusted and settled his total loss claim. [D.E. 2 at ¶ 3]. DuPriest's contentions are incorrect.  DuPriest was not insured by Allstate but rather was insured by AP&C at all relevant times, and AP&C, - not Allstate- adjusted and settled his total loss claim.[6] Consequently, DuPriest does not have standing to bring any of the four claims alleged against Allstate, and therefore all of his claims must be dismissed with prejudice.

## CONCLUSION

Based on the foregoing reasons, Allstate respectfully requests this Court enter an Order dismissing all causes of action asserted by Plaintiff DuPriest with prejudice, dismissing Counts I, II, and III of Plaintiffs' Class Action Complaint also with prejudice, and striking Plaintiffs' Class Claims under the ADTPA.

Respectfully submitted,

Kevin A. Crass, ABA #84029
Friday, Eldredge & Clark, LLP
400 West Capitol Avenue, Suite 2000
Little Rock, Arkansas 72201-3493
crass@fridayfirm.com

Peter J. Valeta, Esq. *(Admitted Pro Hac Vice)*
Wendy Enerson, Esq. *(Admitted Pro Hac Vice)*
**COZEN O'CONNOR**
123 N Upper Wacker Dr. Suite 1800
Chicago, IL 60606
Telephone: (312) 474-7895
Facsimile: (312) 878-2022
Email:  pvaleta@cozen.com
Email:  wenerson@cozen.com

*Attorneys for Defendant Allstate Insurance Company*

---

[6] *See* DuPriest Policy, Exh. 1.

LEGAL\40967349\2
FEC\13544\0013\7015682.v1-5/3/19